| C.D.W. SERVICES, LLC | * | NO. 2024-CA-0081 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| NEW BRIDGE PARTNERS, LLC | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

**CONSOLIDATED WITH:**         **CONSOLIDATED WITH:**

**C.D.W. SERVICES, LLC**             **NO. 2024-CA-0082**

**VERSUS**

**NEW BRIDGE PARTNERS, LLC**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-06082, DIVISION "D"
Honorable Monique E. Barial, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Rachael D. Johnson)

**DYSART, J., DISSENTS WITH REASONS**
**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**

Frank A. Milanese
FRANK A. MILANESE, PLC
650 Poydras Street
Suite 2708
New Orleans, LA 70130

Lloyd N. Shields
Elizabeth L. Gordon
IRWIN FRITCHIE URQUHART & MOORE, llc
400 Poydras Street, Suite 2700
New Orleans, LA 70130


COUNSEL FOR PLAINTIFF/APPELLEE

Charles Ferrier Zimmer, II
Daniel E. Davillier
Jonathan D. Lewis
DAVILLIER LAW GROUP, LLC
935 Gravier Street, Suite 1702
New Orleans, LA 70112

Sean A. Blondell
SEAN BLONDELL LAW FIRM, LLC
9701 Lake Forest Blvd.
Suite 102
New Orleans, LA 70127


COUNSEL FOR DEFENDANT/APPELLANT


**JUDGMENT VACATED;
REMANDED FOR NEW TRIAL
NOVEMBER 12, 2024**

Appellant, Defendant and Plaintiff-in Reconvention New Bridge Partners, LLC ("New Bridge"), seeks review of the November 14, 2023, district court judgment, rendered in conformity with a jury verdict, against Appellee, Plaintiff and Defendant-in-Reconvention C.D.W. Services, LLC ("CDW"). Finding that the jury's verdict was ambiguous, we vacate the district court's judgment and remand this matter for a new trial.

## Facts and Procedural History

The instant appeal involves breach of contract claims between New Bridge— an owner of property ("the Property") located on Magazine Street in New Orleans— and a general contractor, C.D.W. New Bridge contracted with CDW to construct a residential building with a recording studio and leasable commercial tenant space on the Property. CDW commenced its work on the Property; however, New Bridge later terminated the contract after only a portion of the project was complete.

CDW filed suit against New Bridge, alleging bad faith breach of contract and damages. New Bridge answered the suit and filed a reconventional demand against CDW, countering that CDW breached the contract. Thereafter, New

Bridge filed a supplemental and amending petition naming architect James Dart and his insurer as third party defendants. Mr. Dart filed a reconventional demand for damages against New Bridge, and a third-party demand against defendant Damien Serauskas, who was a mechanical engineer on the project.

At the close of a ten-day trial, the jury returned a verdict and the district court read the jury interrogatories with the jury's responses into the record:

> As to question one: 'Do you find that New Bridge Partners, LLC herein after commonly referred to as NBP, breached the terms and conditions of the construction contract with C.D.W. Services, LLC?'
>
> Answer: 'no.'
>
> Directions on the form indicate, if you answer no, please proceed to question five.
>
> Question number five: 'Do you find that C.D.W. Services, LLC breached the terms and conditions of the construction contract with New Bridge Partners, LLC involved in this litigation?'
>
> Answer: 'Yes.'
>
> If you answered yes, please proceed to the next question.
>
> Question six: 'Please provide the amount of money that would fairly and reasonably compensate New Bridge Partners for any damages it incurred resulting from the breach by C.D.W.'
>
> 'Total $290,000 dollars.'
> Please proceed to the next question.
>
> Number seven: 'what percentage of fault, if any, do you find by a preponderance of the evidence to be a legal cause of any damages attributable to the following:
>
> | | |
> |---|---|
> | C.D.W. Services, LLC? | 38 percent. |
> | New Bridge Partners, LLC? | 29 percent. |
> | James Dark? | 30 percent. |
> | Paul LaGrange? | 1 percent. |
> | Thomas DeRose? | 2 percent. |

3

Others?                               zero.'[1]

Number eight: 'was C.D.W. Services, LLC's conduct in the provision of professional construction services unfair, deceptive, fraudulent, or deceitful?'
Answer: 'Yes.'

If you answered yes, please proceed to the next question.

Number nine: 'Was C.D.W's conduct in the provision of professional construction services substantially injurious to New Bridge Partners?'

Answer: 'No.'

If you answered no, please refrain from answering any more questions.

On November 14, 2024, the district court rendered judgment in favor of New Bridge, providing in pertinent part:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Judgment is hereby entered in favor of Defendant and Plaintiff-in-Reconvention, New Bridge Partners, LLC, for damages the total amount of two hundred and ninety thousand dollars ($290,000.00) subject to the allocation, or percentage, of fault attributed by the jury as follows:
>
> | | |
> |---|---|
> | CDW: | 38% |
> | New Bridge: | 29% |
> | James Dark [sic]: | 30% |
> | Paul LaGrange: | 1.0% |
> | Thomas DeRose: | 2.0% |
> | Others: | 0.0% |
> | TOTAL = | 100.00% |

The district court decreed that CDW's conduct in providing "professional construction services" was: deemed "unfair, deceptive, fraudulent, or deceitful, as the terms of art relate to the Louisiana Unfair Trade Practices and Consumer Protection Act" (the Act"), and was not found to be substantially injurious under

---

[1] Mr. LaGrange was a consultant hired by New Bridge who advised on the corrections needed to repair CDW's work. Mr. DeRose was a builder involved in the project.

the Act. Lastly, the district court entered judgment in favor of New Bridge and against CDW as to CDW's claim for breach of contract against New Bridge.

New Bridge timely appealed the district court's judgment. The sole issue presented for review is whether the district court improperly reduced the jury's verdict in violation of La. Code Civ. Proc. arts. 1812 and 1916.

## OPINION

New Bridge avers that the district court's judgment "usurps the letter and intent of the jury's verdict" because the district court interpreted the verdict in such a way that it deprived New Bridge of $180,000 in damages, awarded by the jury. New Bridge avers that the jury determined CDW's "conduct in the provision of professional construction services unfair, deceptive, fraudulent, or deceitful." The jurors further determined that CDW's breach caused $290,000 in damages to New Bridge, before it considered other sources of damage. Yet, the district court deemed the $290,000 value as the jury's determination of all of New Bridge's, despite the express language of Interrogatory No. 6 making clear that this value was only as to CDW. New Bridge argues that the district court violated Louisiana Code of Civil Procedure articles 1812 and 1916, which provide that a court must enter a judgment that conforms to the jury's answers when a jury returns a special verdict. Thus, it requests that this Court either modify the judgment or reverse with instructions to issue a final judgment complying with the jury's verdict. We agree with New Bridge in part.

The record reflects that the district court attempted to render a judgment in conformity with the jury's verdict. However, because a comprehensible jury verdict was not reached in this matter, the district court was precluded from entering a valid judgment.

5

As New Bridge notes, when a jury returns a special verdict accompanied by interrogatories, the judgment must correspond to the verdict of the jury. La. Code Civ. Proc. art. 1812(D). Additionally, following a jury trial, "the court shall prepare and sign a judgment in accordance with the verdict of the jury[.]" La. Code Civ. Proc. art. 1916(A). The Louisiana Code of Civil Procedure makes clear that district courts must enter judgments conforming to jury verdicts.

As previously noted, the jury determined that CDW's "conduct in the provision of professional construction services unfair, deceptive, fraudulent, or deceitful" and that CDW's breach caused $290,000 in damages to New Bridge, in response to interrogatories eight and six, respectively. The jury—in response to interrogatory seven— allocated fault to those it deemed to be the legal cause of New Bridge's damages: C.D.W. Services, LLC- 38%; New Bridge Partners, LLC- 29%; James Dart -30%; Paul LaGrange -1%; and Thomas DeRose- 2%.

Here, the jury's answers lead to no clear result. It is unclear whether the jury intended that CDW bear the sole responsibility for paying $290,000 in damages, as indicated in response to interrogatory 6. It is also unclear whether the jury intended to award New Bridge only $290,000 in damages. Further, it is unclear whether the jury's $290,000 assessment of damages for CDW's breach was intended by the jury to be subject to its allocation of fault in response to interrogatory seven, as the district court interpreted. The interrogatories did not ask the jury to identify whether, outside of CDW, additional damages were due to New Bridge from another source. The record evidences that jury interrogatories were unclear and lacked specificity. This made it impossible for the jurors to reach a verdict.

It is evident that the district court's judgment could not and does not adequately comport with the conclusions that the jury reached. The record reflects

6

that the district court attempted to resolve the aforementioned discrepancies by splicing together portions of the jury verdict and concluding that the jury intended that $290,000 represented the total amount of damages to be awarded to New Bridge; and this award was to be offset and/or divided among New Bridge and Messrs. Dart, LaGrange and DeRose. The resulting judgment, however, fails to accurately reflect even the discernable portions of the jury's findings.

"[T]here is no provision for a jury's verdict to be considered 'advisory,' thereby allowing the trial court to interpret the jury's verdict or substitute its own findings of fact." *Scott v. Am. Tobacco Co.*, 04-2095, p. 5 (La. App. 4 Cir. 2/7/07), 949 So. 2d 1266, 1272-73. The district court's attempt at interpreting the jury's verdict and developing its own judgment was a substantive err. Therefore, we vacate the district court's judgment. Moreover, because the jury's verdict is not discernible, we remand this matter for a new trial. *See* La. Code of Civ. Proc. article 2164.

## DECREE

For the foregoing reasons, the November 14, 2023 district court judgment is vacated, and this matter is remanded for a new trial.

**JUDGMENT VACATED; REMANDED FOR NEW TRIAL**